WO

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Kimberly Fisher,<br>Plaintiff,<br>v.<br>Glendale Elementary School District,<br>Defendant. | No. CV-14-02083-PHX-ESW<br>**ORDER** |

Pending before the Court is Defendant's fully briefed Motion for Summary Judgment (Docs. 63, 64, 73, 74) and Motion for Sanctions (Docs. 61, 66, 67) in a civil case alleging unlawful employment discrimination which occurred while Plaintiff was working for Glendale Elementary School District. Two causes of action remain in Plaintiff's First Amended Complaint (Doc. 9): a violation of Title VII of the Civil Rights Act of 1964 (Count Two) and a violation of 42 U.S.C.§ 1981 (Count Six). The parties have consented to proceeding before a Magistrate Judge pursuant to Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c) (Doc. 20). This Court has federal question jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C.§ 1331.

Oral argument has been requested on Defendant's Motion for Summary Judgment. However, the matter has been fully briefed, and the Court deems oral argument unnecessary to a determination of the issues presented. The request for oral argument is denied.

After reviewing the parties' submissions, the Court finds that no genuine issue of material fact exists, and Defendant is entitled to summary judgment on Counts Two and Six of Plaintiff's First Amended Complaint as a matter of law. Defendant's Motion for Summary Judgment (Doc. 63) will be granted for the reasons set forth herein.

Because the Court will grant the Defendant's Motion for Summary Judgment, the Motion for Sanctions (Doc. 61) will be denied as moot.

## I. PROCEDURAL HISTORY

Plaintiff filed her First Amended Complaint (Doc. 9) on December 12, 2014. Defendant filed a Motion to Dismiss First Amended Complaint (Doc. 17) on January 5, 2015. By Order (Doc. 25) filed on May 26, 2015, the Court found that Plaintiff's notice of claim did not fully comply with ARIZ. REV. STAT. § 12-821.01(E) and deemed Plaintiff's state claims barred, granting Defendant's Motion to Dismiss as to all state law claims reflected in Counts One, Three, Four, and Five. The Court denied the Motion to Dismiss as to Counts Two and Six (Doc. 25 at 7). Defendant filed an Answer to the First Amended Complaint on June 12, 2015 (Doc. 26). All issues are joined.

Defendant filed its Motion for Summary Judgment (Docs. 63-64) on December 5, 2016. Plaintiff responded (Doc. 73) and Defendant replied (Doc. 74). Defendant asserts that Plaintiff has failed to meet her burden of proof on Counts Two and Six. Defendant also filed a Motion for Sanctions (Doc. 61) on November 29, 2016, alleging that Plaintiff has failed to respond to discovery requests. Plaintiff responded (Doc. 66) and Defendant replied (Doc. 67). Plaintiff asserts that she has responded to Defendant's discovery and met her burden of proof as to Counts Two and Six. The matters are deemed submitted for decision.

## II. LEGAL STANDARDS

### A. Summary Judgment

Summary judgment is appropriate if the evidence, when reviewed in a light most favorable to the non-moving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ.

P. 56(a). Substantive law determines which facts are material in a case and "only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson*, 477 U.S. at 248). Thus, the nonmoving party must show that the genuine factual issues "'can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987) (quoting *Anderson*, 477 U.S. at 250).

Because "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . [t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor" at the summary judgment stage. *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)); *Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999) ("Issues of credibility, including questions of intent, should be left to the jury.") (citations omitted).

When moving for summary judgment, the burden of proof initially rests with the moving party to present the basis for his motion and to identify those portions of the record and affidavits that he believes demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant fails to carry his initial burden of production, the non-movant need not produce anything further. The motion for summary judgment would then fail. However, if the movant meets his initial burden of production, then the burden shifts to the non-moving party to show that a genuine issue of material fact exists and that the movant is not entitled to judgment as a matter of law. *Anderson*, 477 U.S. at 248, 250; *Triton Energy Corp. v. Square D. Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). The nonmovant need not establish a material issue of fact conclusively in his favor. *First Nat'l Bank of Ariz. v. Cities Serv.*

*Co.*, 391 U.S. 253, 288-89 (1968). However, he must "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v.Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal citation and emphasis omitted); *see* Fed. R. Civ. P. 56(c)(1).

Conclusory allegations unsupported by factual material are insufficient to defeat a motion for summary judgment. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Soremekun v. Thrifty Payless, Inc.*, 502 F.3d 978, 984 (9th Cir. 2007) ("[c]onclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment"). Nor can such allegations be the basis for a motion for summary judgment.

**B. Title VII**

Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq., ("Title VII") provides that "[i]t shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 2000e-2(a)(1). In a claim for discrimination pursuant to Title VII, a plaintiff must "offer evidence that 'give[s] rise to an inference of unlawful discrimination.'" *Lowe v. City of Monrovia*, 775 F. 2d 998, 1005 (9th Cir. 1985), *as amended*, 784 F. 2d 1407 (1986) (quoting *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981)). A plaintiff may prove discrimination by direct evidence that a defendant's challenged employment action was either intentionally discriminatory or that it had a discriminatory effect on the plaintiff. *See Jespersen v. Harrah's Oper. Co., Inc.*, 444 F. 3d 1104, 1108-09 (9th Cir. 2006).

In the absence of direct evidence, a plaintiff may establish by circumstantial evidence a prima facie case of discrimination by proving that (i) plaintiff is a member of a protected class, (ii) plaintiff was qualified for her position and performing her job satisfactorily, (iii) plaintiff experienced an adverse employment action, and (iv) similarly

situated employees outside plaintiff's protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Hawn v. Executive Jet Mgmt., Inc.*, 615 F. 3d 1151, 1156 (9th Cir. 2010) (quoting *Petersen v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004)). Plaintiff must show that discrimination was either the sole reason for or a "motivating factor" in the employer's adverse employment decision. *See Costa v. Desert Palace, Inc.*, 299 F.3d 838, 853-54 (9th Cir. 2002) (en banc) ("Put simply, the plaintiff in any Title VII case may establish a violation through a preponderance of evidence (whether direct or circumstantial) that a protected characteristic played 'a motivating factor.'"), *aff'd*, 539 U.S. 90 (2003).

A plaintiff bears the burden of proof under Title VII. *Burdine*, 450 U.S. at 253 ("The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff."). If the plaintiff establishes by a preponderance of the evidence a prima facie case of discrimination, then "the burden of production, but not persuasion, shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the challenged action." *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F. 3d 1115, 1123-24 (9th Cir. 2000). Plaintiff must then show that defendant's stated reason for the adverse employment action was a mere "pretext" for unlawful discrimination or discriminatory in its application. *McDonnell Douglas Corp.*, 411 U.S. at 804. "[A] plaintiff can prove pretext in two ways: (1) *indirectly*, by showing that the employer's proffered explanation is 'unworthy of credence' because it is internally inconsistent or otherwise not believable, or (2) *directly*, by showing that unlawful discrimination more likely motivated the employer." *Chuang*, 225 F.3d at 1127 (emphasis added) (citing *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220–22 (9th Cir. 1998)); *see Burdine,* 450 U.S. at 256. "All of the evidence [as to pretext] – whether direct or indirect – is to be considered cumulatively." *Raad v. Fairbanks North Star Borough School Dist.,* 323 F.3d 1185, 1194 (9th Cir. 2003). Where the evidence of

pretext is circumstantial, rather than direct, the plaintiff must present "specific" and "substantial" facts showing discrimination. *Godwin*, 150 F.3d at 1222.

Title VII also prohibits discrimination against an individual "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). "Title VII's antiretaliation provision forbids employer actions that 'discriminate against' an employee (or job applicant) because he has 'opposed' a practice that Title VII forbids or has 'made a charge, testified, assisted, or participated in' a Title VII 'investigation, proceeding, or hearing.'" *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 59 (2006) (quoting 42 U.S.C. § 2000e-3(a)). Whereas the anti-discrimination provision of Title VII seeks to secure a workplace free from discrimination on the basis of race, religion, sex, or national origin, the anti-retaliation provision of Title VII prohibits employers from "interfering (through retaliation) with an employee's efforts to secure or advance enforcement of [Title VII's] basic guarantees." *Id.* at 63. In a retaliation claim, the plaintiff must prove by a preponderance of evidence that (i) plaintiff engaged in or was engaging in "protected activity"; (ii) the employer subsequently subjected the plaintiff to adverse employment action; and (iii) that "a causal link exists between the two." *See Dawson v. Entek Int'l*, 630 F. 3d 928, 936 (9th Cir. 2011).

**C. 42 U.S.C. § 1981**

42 U.S.C. § 1981 (a) provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." In 1991 Congress added a new subsection to § 1981 that defines the term "make and enforce contracts" to also include the "termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). "Analysis of an employment discrimination claim under § 1981 follows the

same legal principals as those applicable in a Title VII disparate treatment case." *Fonseca v. Sysco Food Services of Arizona, Inc.*, 374 F. 3d 840, 850 (9th Cir. 2004). Defendant correctly notes that the *McDonnell Douglas* analysis for Title VII claims also applies to § 1981 claims. *See Cornwell v. Electra Cent. Credit Union,* 439 F. 3d 1018, 1028 n. 5 (9th Cir. 2006).

Further, a local governmental unit may not be held responsible under § 1981 for the acts of its employees under a *respondeat superior* theory of liability. *See Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011); *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658,691 (1978). A plaintiff must go beyond the *respondeat superior* theory of liability and demonstrate that the alleged constitutional deprivation was the product of a policy or custom of the local governmental unit, because District liability must rest on the actions of the School District, and not the actions of the employees of the District. *Id.* Under *Monell*, local governmental liability may be based on any of three theories: (1) an expressly adopted official policy; (2) a longstanding practice or custom; or (3) the decision of a person with final policymaking authority. *Lytle v. Carl*, 382 F.3d 978, 982 (9th Cir. 2004).

A policy "promulgated, adopted, or ratified by a local governmental entity's legislative body unquestionably satisfies *Monell*'s policy requirement." *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir. 1989), *overruled on other grounds by Bull v. City & Cnty. of San Francisco*, 595 F.3d 964 (9th Cir. 2010) (en banc). Moreover, a policy of inaction may be a governmental policy within the meaning of *Monell*. *See Waggy v. Spokane Cnty. Washington*, 594 F.3d 707, 713 (9th Cir. 2010). Even if there is not an explicit policy, a plaintiff may establish liability upon a showing that there is a permanent and well-settled practice by the governmental unit that gave rise to the alleged constitutional violation. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988). Allegations of random acts, or single instances of misconduct, however, are insufficient to establish a custom. *See Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995).

Finally, for claims arising under 42 U.S.C. § 1981, courts apply either (i) the statute of limitations for personal injury actions of the forum state if the cause of action existed in law prior to the enactment of the Civil Rights Act of 1991; or (ii) the federal four year statute of limitations set forth in 28 U.S.C. § 1658 if the cause of action arose under an Act of Congress enacted after December 1, 1990. *See Jones v. R.R.Donnelley & Sons Co.*, 541 U.S. 369, 380-81(2004) (differentiating between claims governed by the federal "catch-all" statute of limitations set forth in 28 U.S.C § 1658 and claims governed by forum state statute of limitations). Plaintiff alleges that Defendant failed to promote her on the basis of her race. Failure to promote claims existed under § 1981 prior to the passage of the Civil Rights Act of 1991. Therefore, the Arizona statute of limitations for this claim is two years. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 974 (9th Cir. 2004) ("borrow[ing] Arizona's statute of limitations for personal injury claims" for §§ 1981 and 1983 claims). Hostile workplace, retaliation, and wrongful discharge § 1981 claims arise under the Civil Rights Act of 1991 and therefore fall under the federal four year statute of limitations. *Jones,* 541 U.S. at 383. "[U]nder federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Lukovsky v. City & Cnty. of S. F.*, 535 F.3d 1044, 1048 (9th Cir. 2008).

## III. FACTS

Plaintiff has failed to properly address Defendant's Statement of Facts as required by Fed. R. Civ. P. 56(c). Therefore, the Court considers Defendant's Statement of Facts undisputed for purposes of the Motion for Summary Judgment. *See* Fed. R. Civ. P. 56(e)(2).

Plaintiff worked for Glendale Elementary School District in the business services department as an administrative assistant from January 7, 2011 until she resigned, terminating her employment effective February 21, 2013. In June and August 2012, prior to the Plaintiff's filing of an EEOC complaint, co-workers notified Plaintiff's supervisor and the District's Human Resources Department of Plaintiff's unprofessional conduct at work. As a result of complaints received regarding the Plaintiff's conduct, the District

hired a third party attorney to investigate the allegations. After conducting his investigation, which included interviewing the Plaintiff and other employees as well as reviewing emails and District policies governing conduct and ethics, the investigating attorney issued a confidential report to Superintendent Quintana on October 18, 2012, concluding "the weight of the testimony and the available documents indicate that Ms. Fisher acted improperly." (Doc. 64-2 at 3). Specifically, the investigator found that Ms. Fisher's conduct had been unprofessional, several of her emails were both unprofessional and hostile, and employees feared that she would act violently in the future. Ms. Fisher was provided with a copy of the investigator's report as well as a memorandum from her supervisor advising her that a letter of reprimand would issue. Ms. Fisher submitted her rebuttal and Formal Grievance Presentation. A letter of reprimand thereafter issued on December 20, 2012, which Plaintiff received and signed. Plaintiff continued to work at the same location in her same position with her same title for the same rate of pay, hours, and benefits until she resigned effective February 21, 2013.

## IV. DISCUSSION

### A. Count Two: Title VII

Pursuant to the Court's Order filed on May 26, 2015 (Doc. 25 at 6), at issue in this case for Count Two is conduct alleged to have occurred on or after November 15, 2012 through February 21, 2013 as set forth in Plaintiff's second charge of discrimination filed September 11, 2013 with the EEOC. In her second EEOC charge of discrimination, Plaintiff alleged (i) discrimination due to race, national origin, color, and age; (ii) retaliation; (iii) denial of due process; and (iv) constructive discharge, all in violation of Title VII of the Civil Rights Act of 1964 (Doc. 23-2 at 1-2).

In Count Two of the First Amended Complaint during the relevant three-month time frame, Plaintiff alleges that she was subjected to "unfounded, baseless disciplinary actions, including a letter of reprimand and recommendations that Plaintiff be transferred" (Doc. 9 at ¶20), coercive conduct, supervisory interference with completion of work tasks, false information, uncompensated overtime duties, an orchestrated and

forced resignation which constituted constructive discharge, a denial of due process, and mistreatment all due to her race and age, all in violation of Title VII. (Doc. 9 ¶¶ 20-30).[1]

Plaintiff asserts in her Response that she was treated differently because she was "neither fully White or Hispanic" and a woman over the age of forty.[2] (Doc.73 at 8). Plaintiff further states that her work was removed from her after receipt of a written reprimand and she was "left sitting on display with nothing to do." (*Id.)*. However, the record reflects that Plaintiff was assigned job duties within her job description subsequent to the letter of reprimand. Plaintiff contests the basis for the reprimand despite the findings of the independent investigator, though she acknowledges having sent two inappropriate emails that were unprofessional, hostile, and unkind.

It is undisputed that Plaintiff was not subjected to uncompensated overtime during the time period at issue. It is also undisputed that no recommendation that Plaintiff be transferred was ever made by the District. The record reflects that a legitimate, work-related basis existed for the reprimand. The District followed appropriate procedures in issuing the reprimand, affording Plaintiff due process. No factual basis has been

---

[1] In addition, Count Two alleges that Defendant discriminated against Plaintiff by "denying her equal terms, conditions and privileges of employment, including but not limited to, denying her an opportunity to be considered for positions as Coordinator for Classified, and with the District's wellness program." (*Id*. at ¶ 36). However, all activity regarding the Coordinator for Classified position and District wellness program arise from Plaintiff's first EEOC charge dated October 11, 2012 (Doc. 23-1) which the Court has ruled cannot form the basis of Plaintiff's current Title VII claim (Doc. 25 at 6). Therefore, the Court does not consider it.

[2] Defendant asserts that because gender was not a basis for the September 11, 2013 EEOC complaint, Plaintiff's gender discrimination claim was not administratively exhausted. Although Plaintiff did not explicitly allege gender discrimination in her September 11, 2013 EEOC complaint, Plaintiff did allege that she was retaliated against after filing her 2012 EEOC complaint, which did explicitly allege gender discrimination. The Ninth Circuit has instructed that courts are to liberally construe EEOC charges. *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1100 (9th Cir. 2002) (EEOC charges are construed "with utmost liberality since they are made by those unschooled in the technicalities of formal pleading") (citation omitted). If the claim could "reasonably be expected to grow out of" the claims expressly made in the EEOC charge, the claim should be considered. *Id*. That is, "Title VII does not require that the plaintiff separately exhaust additional claims that are 'so closely related [to the allegations made in the charge] that agency action would be redundant.'" *Id*. at 1102 (citing *Sosa v. Hiraoka*, 920 F.2d 1451, 1457 n.2 (9th Cir. 1990). However, it is unnecessary to resolve the exhaustion issue with respect to Plaintiff's gender discrimination claim as Plaintiff has not presented any direct or circumstantial evidence of gender discrimination.

presented that Plaintiff's resignation was forced. The job duties Plaintiff was required to perform were within her job description. Plaintiff's claim of mistreatment due to race and age are not supported by the record. The reprimand did not negatively affect Plaintiff's pay, position, benefits, hours, or working conditions.

Plaintiff has not presented any direct evidence of discrimination. Therefore, the Court analyzes the record under *McDonnell Douglas Corp*. for circumstantial evidence of discrimination. Plaintiff alleges that she is a member of a protected class as a "neither fully white or Hispanic" employee. The evidence reflects that Plaintiff was not performing her job satisfactorily due to unprofessional conduct in the form of hostile, unkind emails to co-workers. For this conduct she received a letter of reprimand in accordance with policy and procedures in place within the District. Plaintiff has presented no admissible evidence that similarly situated employees outside of the Plaintiff's protected class were treated more favorably. Nor has Plaintiff presented admissible evidence of circumstances surrounding the reprimand giving rise to an inference of discrimination.

Were the Court to find that Plaintiff had met her burden and established a prima facie case of discrimination, which she has not, Defendant clearly has established a legitimate, non-discriminatory reason for issuing its letter of reprimand. Plaintiff has not established that Defendant's legitimate, non-discriminatory reason for the letter of reprimand is a pretext for discrimination. The record is devoid of specific and substantial facts showing discrimination. *See Cornwell*, 439 F.3d at 1029 (circumstantial evidence of pretext "must be 'specific' and 'substantial' to create genuine issue of material fact").

Reviewing the record before it, the Court finds no evidence of any additional adverse employment action taken by the District against Plaintiff other than the letter of reprimand. Count Two does not allege, and neither does the record support, any finding of a hostile work environment. Finally, Plaintiff's retaliation allegation mentioned in her Response, but not alleged in Count Two of her Complaint, fails because her EEOC claim of September 11, 2013 was filed well after her letter of reprimand issued on December

20, 2012. Complaints from co-workers regarding Plaintiff's unprofessional and hostile statements and the ensuing third party investigation into those substantiated complaints all occurred prior to the Plaintiff's filing of both of her EEOC complaints. No causal link has been shown between the letter of reprimand and the filing of Plaintiff's EEOC complaints.

For all of the above reasons, the Court finds that Defendant has met its burden of proof that no genuine issue of material fact exists regarding Count Two, and Defendant is entitled to judgment as a matter of law.

**B. Count Six: 42 U.S.C. § 1981**

Count Six of Plaintiff's Amended Complaint alleges that the Defendant violated 42 U.S.C.§ 1981 by denying Plaintiff "due to her race and/or appearance (that she was not Hispanic enough) the same right to enjoy the benefits, privileges, terms and conditions of her contractual relationship with District as other employees, including, but not limited to, the manner and method of evaluation, promotion, and the ability to work in an environment free of racially motivated harassment . . . ." (Doc. 9 at ¶54). Other than the claim based on the Coordinator for Classified position, which the following discussion explains is time-barred, Plaintiff fails to set forth any specific factual allegations in her Response regarding her ability to make and enforce contracts with the Defendant. Plaintiff's allegations in her Response are broadly directed to her "remaining claims" and reference "adverse actions" that led her to resign as well as a "continued pattern of discrimination . . . ." (Doc. 73 at 1). As detailed below, Plaintiff's § 1981 claim fails for several reasons: (i) no viable theory of liability, (ii) the statute of limitations, and (iii) lack of a factual record.

**1. No Viable Theory of Liability**

Because 42 U.S.C. § 1981 does not impose *respondeat superior* liability, Defendant correctly notes that a school district is only liable under § 1981 if it has a "deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation" alleged by the Plaintiff. *Galen v. Cnty of Los Angeles*, 477 F. 3d

652, 667 (9th Cir. 2007). The record reflects that the District has clearly delineated policies and procedures which demonstrate a commitment to insuring a work place free from discrimination. No admissible evidence has been presented from which the Court could conclude that the District has a longstanding practice or custom of discrimination. Single instances of misconduct and allegations of random acts even if deemed to be true, are insufficient to establish custom. *Navarro,* 72 F. 3d at 714.

**2. Statute of Limitations**

The gravamen of Plaintiff's complaint rests on the fact that she did not receive the Coordinator for Classified position. That the Coordinator for Classified position would have been a promotion for Plaintiff is undisputed. *Sitgraves v. Allied Signal, Inc*., 953 F. 2d 570, 574 (9th Cir. 1992) (stating that "a simple change in position from supervised employee to supervisor is one that alters the contractual relationship sufficiently" to be deemed a promotion). Promotion claims existed prior to the passage of the Civil Rights Act of 1991. *See Patterson v. McLean Credit Union*, 491 U.S. 164, 185 (1989), *superseded by statute as stated in CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 449 (2008). Such claims therefore are governed by the most analogous state statute of limitations, which is two years in Arizona. *See Cholla Ready Mix, Inc. v. Civish*, 382 F. 3d 969, 974 (9th Cir. 2004). The record reflects that the two year statute of limitations expired in April 2014, prior to the filing of Plaintiff's Complaint. Plaintiff's § 1981 claim based upon the Coordinator for Classified position is time-barred.

**3. Lack of a Factual Record**

Plaintiff does not specifically mention Count Six in her Response. Plaintiff broadly states "[t]he evidence to prove my remaining claims is information in the Recruitment for Classified, adverse actions that resulted in my constructive discharge, and a continued pattern of discrimination corroborated by other EEOC complaints." (Doc.73 at 1). Plaintiff's conclusory allegations unsupported by admissible factual material are insufficient to raise a genuine issue of material fact. *Soremekun,* 502 F.3d at 984. Plaintiff makes no effort to direct the Court to which documents she believes are

applicable to Count Six in her Response. Nor are Plaintiff's exhibits authenticated or admissible. "Judges are not like pigs, hunting for truffles buried in briefs." *Christian Legal Soc. Chapter of Univ. of Calif. v. Wu*, 626 F. 3d 483, 488 (9th Cir. 2010).

As to Plaintiff's broad assertions of retaliation, "adverse actions" leading her to resign, and an alleged "pattern of discrimination" as raised in her Response, the legal authorities and analysis set forth in Sections II(B) and IV(A) herein regarding a claim of employment discrimination under Title VII are applicable for the same allegations raised under § 1981 and are incorporated by reference. Plaintiff has failed to raise genuine issues of material fact regarding her claims of employment discrimination under 42 U.S.C. § 1981.

For the above reasons, the Court finds that Defendant has met its burden of proof that no genuine issue of material fact exists regarding Count Six, and Defendant is entitled to judgment as a matter of law.

## V. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** granting Defendant's Motion for Summary Judgment (Doc. 63). Judgment is entered against Plaintiff and on behalf of Defendant on Counts Two and Six.

**IT IS FURTHER ORDERED** denying Defendant's motion to strike contained within its Reply (Doc. 74 at 5).

**IT IS FURTHER ORDERED** denying as moot Defendant's Motion for Sanctions (Doc. 61).

Dated this 3rd day of May, 2017.

Eileen S. Willett
United States Magistrate Judge